UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerry William Nelson, #269049, | C/A No. 6:08-779-HMH-WMC |
| Plaintiff, | |
| vs. | **Report and Recommendation** |
| Lieber Correctional Institution, | |
| Defendant. | |

This is a civil action filed *pro se* by a state prison inmate.[1]  Plaintiff is currently confine at Lieber Correctional Institution in Ridgeville, South Carolina.  In the Complaint filed in this case, he names the institution itself as the sole Defendant, and asserts that the law library at the institution is inadequate, that no qualified legal assistance is provided to the inmates, and that inadequate writing/mailing materials are provided to indigent prisoners.  Plaintiff does not specifically allege that he, personally, has suffered any clear injury or inability to prosecute legal actions as a result of the prison conditions of which he complains.   In fact, it appears that the majority of the "allegations" of the Complaint are, in fact, quoted portions of some legal digest or other law book describing the result of other legal cases from other courts involving other prisoners and prisons.  Although Plaintiff claims that "officials [at the prison] defaulted in their constitutional obligation to assist inmates in the preparation and filing of meaning [sic] legal

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court.  *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

papers . . . ," he does not name any of those "officials" as defendants and he also does not ask this Court for any kind of specific relief.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, _ U.S. _, 127 S. Ct. 2197 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

Initially, the Complaint is frivolous and subject to summary dismissal because Plaintiff has failed to request any relief from this Court. Although he asserts that the law library, legal assistance, and provision of writing materials for indigent prisoners at Leiber Correctional

Institution is inadequate, he does not tell this Court what, if anything, he wants the Court to do about it. He does not request damages or any other form of relief. Were this Court to find that Plaintiff's rights have been violated, but order no remedy, it would, in effect, be rendering an advisory opinion. Such action is barred by Article III of the Constitution. *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975); *Boston Chapter, NAACP v. Beecher*, 716 F.2d 931, 933 (1st Cir. 1983); *see Norvell v. Sangre de Cristo Dev. Co.*, 519 F.2d 370, 375 (10th Cir. 1975) (federal courts do not render advisory opinions). The Tenth Circuit Court of Appeals faced an analogous situation in *Pub. Serv. Co. v. EPA*, 225 F.3d 1144 (10th Cir. 2000). In that case, addressing the plaintiff's failure to request specific relief, the court stated,

> This court would violate Article III's prohibition against advisory opinions were it to do that which [the plaintiff] requests, *i.e.*, issue a mere statement that the EPA's interpretation and application of the law was incorrect without ordering some related relief.

*Id.* at 1148 n. 4 (citing *U. S. v. Burlington N. R.R.*, 200 F.3d 679, 699 (10th Cir. 1999)). *Cf. James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1092 (D.C. Cir. 1996)(holding that, if the court were barred from granting the requested relief, its decision "would be an advisory opinion barred by Article III of the Constitution"). It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for state prisoners or *pro se* litigants. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In absence of a request for relief from Plaintiff, the Complaint filed in this case is frivolous and subject to summary dismissal.

This case is also frivolous and subject to summary dismissal because Plaintiff has not named a Defendant liable to suit under 42 U.S.C. § 1983.[2]  The only named Defendant is Leiber Correctional Institution, and it is a facility or group of buildings.  It is not a "person" who can act under color of state law as required of a proper defendant in a § 1983 case.   *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

Moreover, even if Plaintiff had named a person as a defendant and requested some form of relief from the Court, the Complaint that he filed in this case is simply too conclusory and lacking in allegations of personal injury or prejudice, as opposed to general discontent with prison policies, to go forward.  As stated above, most of the Complaint consists of what appear to be quoted passages of conclusory statements of law from a legal digest or some other law book. All remaining allegations are couched in terms of general applicability to the entire Leiber inmate population; they are not written in terms that limit any wrongdoing and resulting damages to Plaintiff himself.  These shortcomings in the Complaint also require summary dismissal of this case under 28 U.S.C. § 1915(e)(2)(B).

---

[2] Although Plaintiff does not specifically allege that he filed this case under § 1983, this case is being considered as one claiming federal constitutional violations due to a prisoner's conditions of confinement.  Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law.  *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973); *see also McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996).

Although we are bound to liberally construe Plaintiff's *pro se* Complaint, Plaintiff must do more than make mere conclusory statements to support his claim. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *see Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994)(affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989)(same, where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). In fact, due to the lack of factual allegations of specific wrongdoing attributable to specific Defendants and of specific injury suffered by Plaintiff himself as opposed to other inmates, the Complaint is both frivolous and fails to state a claim on which relief may be granted. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 389 (4th Cir. 1990)(dismissal proper where there were no allegations against defendants); *see also Inmates v. Owens*, 561 F.2d 560, 562-63 (4th Cir. 1977)(dismissing a *pro se* complaint for improper pleading); *Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981).

Furthermore, Plaintiff lacks standing to bring this lawsuit because the Complaint does not establish "that the alleged injury suffered [inadequate access to legal information and assistance] is particularized as to him." *Raines v. Byrd*, 521 U.S. 811, 819 (1997); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (to have standing, the plaintiff must have suffered a "particularized" injury, which means that "the injury must affect the plaintiff in a personal and individual way"); *Allen v. Wright*, 468 U.S. 737, 751 (1984) ("plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct"). By asserting that other prisoners' rights are being violated by the lack of an adequate law library or legal assistance and by lack of sufficient writing materials, Plaintiff is, in essence, attempting to

assert a claim akin to a class action. As a *pro se* litigant, Plaintiff is precluded from asserting claims on behalf of other persons. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)(a *pro se* prisoner cannot be an advocate for others in a class action); *cf*. *Hummer v. Dalton*, 657 F.2d 621, 625-26 (4th Cir. 1981)(a prisoner cannot act as a "knight-errant" for other prisoners).

Finally, even if Plaintiff had named a proper defendant and requested relief for himself only, this case would still be subject to summary dismissal because the Complaint does not contain allegations of any kind of specific injury such as dismissal of a case or rejection of an attempted court filing suffered by Plaintiff himself as a result of inadequate law library access or legal assistance. In absence of such allegation of specific, particularized, personal injury caused by the alleged inadequacies at Leiber, a viable § 1983 claim for denial of access to court or for some other constitutional violation is not stated. *See Lewis v. Casey*, 518 U.S. 343 (1996)(plaintiff must allege actual injury resulting from allegedly inadequate jail library in order to state a claim under section 1983); *Michau v. Charleston County, S.C.*, 434 F.3d 725, (4th Cir. 2006)(in access to court claim, inmate must allege and show that he has suffered an actual injury or specific harm to his litigation efforts as a result of the defendant's actions); *Magee v. Waters*, 810 F.2d 451 (4th Cir.1987) (actual injury required of city jail inmate who received books after delay and was allowed one hour of library time a week). Other circuits also have required a showing of injury or prejudice in cases involving minor or indirect restrictions on access to materials and assistance. *See, e.g.*, *Mann v. Smith*, 796 F.2d 79 (5th Cir.1986) (no denial of access to county jail inmate with access to legal assistance but not library who nevertheless was able to file legally sufficient claim); *Cookish v. Cunningham*, 787 F.2d 1 (1st Cir.1986) (denial of access to law library, except for emergency matters, during two-week

6

quarantine period does not state violation); *Hudson v. Robinson*, 678 F.2d 462 (3d Cir.1982) (actual injury must be shown; that library is noisy, open at inconvenient times, with no free supplies, and with notary not always available does not state claim); *Twyman v. Crisp*, 584 F.2d 352 (10th Cir.1978) (use of library restricted to two hours a week did not lead to any prejudice, so no denial of access); *cf. Peterkin v. Jeffes*, 855 F.2d 1021 (3d Cir.1988) (summary judgment not appropriate in systemic challenge of death row prisoners to denial of access to libraries and inmate law clinic workers).  Also on point are *Hause v. Vaught*, 993 F.2d 1079 (4th Cir. 1993); *Strickler v. Waters*, 989 F.2d 1375 (4th Cir. 1993); *Peterkin v. Jeffes*, 855 F.2d 1021, 1040-41 & nn. 24-25 (3d Cir. 1988); *Sands v. Lewis*, 886 F.2d 1166, 1170-71 (9th Cir. 1989)(collecting cases).

## **Recommendation**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process.  *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Since the Complaint filed in this case clearly fails to state a claim on which relief may be granted and is frivolous, I also recommend that this case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).

May 2, 2008                                                              s/William M. Catoe
Greenville, South Carolina                                   United States Magistrate Judge

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *U. S. v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).